**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 04-CR-182-TCK |
| ) | (07-CV-394-TCK-FHM) |
| **JAMES LEE WATSON,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court are the following motions filed by Defendant James Lee Watson: motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 160), amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 168), "motion and incorporated memorandum of law supporting request to dismiss multiplicitous indictment" (Dkt. # 178), motion for relief under the All Writs Act (Dkt. # 179), motion to amend and request for evidentiary hearing (Dkt. # 180), motion for evidentiary hearing or in the alternative an expedited ruling (Dkt. # 182), motion to expedite ruling (Dkt. # 183), and motion for appointment of counsel (Dkt. # 184). The government filed a response (Dkt. # 170) to the amended § 2255 motion. Defendant filed a reply (Dkt. # 173). For the reasons discussed below, the Court finds that Defendant's amended § 2255 motion shall be denied. Defendant's remaining motions shall be denied or declared moot.

As a preliminary matter, the Court exercises its discretion to deny Defendant's motion for appointment of counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994). In addition, the original § 2255 motion shall be declared moot because it was replaced and superseded

by the amended § 2255 motion. Lastly, in light of today's ruling, Defendant's motions to expedite ruling shall be declared moot.

### *BACKGROUND*

In October 2004, Defendant and his co-defendants, Kenneth Butler and Nicole Cassares, robbed three Subway sandwich shops and an O'Reilly's Auto Parts store in Tulsa, Oklahoma, at gunpoint. The group of robbers also attempted to rob at gunpoint a Priscilla's gift and lingerie shop and an Auto Zone store. As a result of his 11-day crime spree, Defendant was charged in a 19-count indictment with: 1 count of conspiracy with co-defendants Kenneth Antonio Butler and Nicole Cassares, 4 counts of armed robbery, 2 counts of attempted armed robbery, 6 counts of use of a firearm during a crime of violence, and 6 counts of felon in possession of a firearm. At the conclusion of a two-day trial, the jury found Defendant guilty on all 19 counts. Defendant was represented at trial by attorney James Fatigante.

On July 1, 2005, Defendant filed a motion for a new trial (Dkt. # 92). Attorney Beverly Atteberry represented Defendant at the hearing held on the motion for new trial. At the conclusion of the hearing, held September 2, 2005, the Court denied the motion. Mr. Fatigante resumed his representation of Defendant. On September 15, 2005, Defendant was sentenced to 1,734 months imprisonment. See Dkt. # 106. Judgment (Dkt. # 107) was entered October 13, 2005.

Defendant appealed to the Tenth Circuit Court of Appeals. On appeal, Defendant argued that the district court (1) incorrectly denied his motion to suppress an incriminating statement made to police, (2) erroneously allowed the jury to view a surveillance video of one of the armed robberies, (3) improperly admitted audio-taped telephone conversations where he attempted to fabricate a false alibi, and (4) erred in denying his motion for new trial based on newly discovered evidence. By

Order filed December 7, 2006 (Dkt. # 135), the appellate court affirmed this Court's Judgment. Defendant was represented during appellate proceedings by Mr. Fatigante.

Defendant filed a petition for writ of certiorari. On April 16, 2007, the Supreme Court denied the petition for writ of certiorari. See Dkt. # 151.

On July 16, 2007, Defendant filed a 28 U.S.C. § 2255 motion (Dkt. # 160). Prior to the filing of a responsive pleading, Defendant filed an amended § 2255 motion (Dkt. # 168). Respondent filed a response (Dkt. # 170), asserting the Defendant is not entitled to relief under 28 U.S.C. § 2255.

## *ANALYSIS*

### A.   Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary as the issues raised by Defendant in his amended § 2255 motion can be resolved on the basis of the record. See Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, Defendant's motions for an evidentiary hearing (Dkt. #s 180 and 182) shall be denied.

### B.   Motions to dismiss multiplicitous information (Dkt. # 178), for relief under the All Writs Act (Dkt. # 179), and to amend (Dkt. # 180) are time-barred

After filing his amended § 2255 motion, Defendant filed motions seeking dismissal of the indictment, for relief under the all writs act, and to amend. In all three of these motions, Defendant sets forth grounds of error allegedly impacting the validity of his convictions. Defendant remains in custody serving the challenged convictions. The exclusive post-conviction remedy for errors challenging the validity of a federal conviction is provided by 28 U.S.C. § 2255. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). To the extent Defendant seeks to further amend his § 2255 motion with the claims identified in these motions, he did not file the motions until 2009,

approximately two years after his convictions became final and one year after the deadline imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1]

As a result, unless the new claims identified by Defendant "relate back" to the amended § 2255 motion, the claims are barred by the one-year statute of limitations provided by the AEDPA. See 28 U.S.C. § 2255(f)(1). Pursuant to Fed. R. Civ. P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). "Relation back" causes otherwise untimely claims, such as Defendant's new claims in this case, to be considered timely by treating them as if they had been filed when the timely claims were filed. Therefore, the new claims in Defendant's motions will relate back and be considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.

The claims identified in his motions to dismiss indictment, for relief under the All Writs Act, and to amend § 2255 motion are new claims, totally separate and distinct "in both time and type" from those raised in his amended motion. See Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing interaction of Federal Rules of Civil Procedure and habeas corpus rules and finding that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"); United States v. Espinoza-Saenz, 235 F.3d 501, 504-505 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341, 1344-1345 (11th Cir. 2000); United States v.

---

[1] Defendant's convictions became final on April 16, 2007, when the United States Supreme Court denied his petition for writ of certiorari. See Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004). Thus, Defendant had until April 16, 2008, to file a timely § 2255 motion. The Clerk of Court received Defendant's amended § 2255 motion on October 19, 2007, or before the deadline.

Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). Because a majority of amendments to § 2255 motions raise issues which relate to a defendant's trial and sentencing, to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period. See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (stating that to allow untimely amendments bringing new claims arising out of the same trial proceeding as the original claims, "would undermine the limitations period set by Congress in the AEDPA"); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (holding that granting motion to amend "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). Therefore, under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save Defendant's claims identified in his motion to dismiss indictment, for relief under the All Writs Act, and to amend § 2255 motion. Therefore, Defendant's motions shall be denied.

### C.     Claims asserted in the amended § 2255 motion

A prisoner in federal custody has the right to move the sentencing court to vacate, set aside or correct the sentence if the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In his amended § 2255 motion, Defendant identifies four grounds for relief, as follows:

Ground 1:   That the Hobbs Act as applied to me violates the Fifth and Sixth Amendments to the U.S. Constitution.

Ground 2:   Cruel and Unusual Punishment in violation of the Eighth Amendment to the U.S. Constitution.

>     Ground 3:    Violation of the Fifth and Sixth Amendments to the U.S. Constitution by precluding any [sic] all African-Americans and other minorities from the jury pool.
>
>     Ground 4:    Ineffective counsel at trial and on appeal in violation of the Fifth and Sixth Amend. U.S. Constitution.

(Dkt. # 168). In response to the amended § 2255 motion, the government asserts that Defendant is not entitled to relief on his ineffective assistance of counsel claims and that the claims identified in grounds 1, 2, and 3 are procedurally barred.

### 1. Ineffective assistance of trial counsel

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Defendant identifies two claims of ineffective assistance of trial counsel in his amended § 2255 motion: (1) trial counsel provided ineffective assistance during plea negotiations, and (2) trial counsel failed to prepare adequately for trial.

### a. Representation during plea negotiations

In his amended § 2255 motion (Dkt. # 168), Defendant claims that "[h]ad Mr. Fatigante advised Movant that he would be facing a sentence [of 1,734 months], he would of [sic] accepted a plea-bargain of 30-years as alleged by Mr. Fatigante yet was then 'off the table' by the time Movant known [sic]." See Dkt. # 168. In response, the government provides a description of two different plea offers negotiated by Defendant's attorney but rejected by Defendant. As factual support, the government has provided the affidavit of Defendant's trial counsel, James Fatigante. See Dkt. # 170, attached affidavit. Each of the plea offers would have resulted in a substantially lower sentence for Defendant had he chosen to accept the offers.

Defendant has failed to demonstrate that his attorney performed deficiently during plea negotiations. Petitioner faced a 19-count indictment, including six (6) counts of Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). His attorney negotiated plea offers reducing his sentence exposure to as little as 32 years in exchange for pleading guilty to two (2) § 924(c) counts and dismissal of the remaining seventeen (17) counts. See Dkt. # 170, attached affidavit. Later, and after Defendant contacted witnesses in an attempt to fabricate an alibi, the government offered to recommend a sentence of 57 years in exchange for pleading guilty to three

(3) § 924(c) counts and dismissal of the remaining sixteen (16) counts. Id. Defendant rejected both offers and insisted on proceeding to jury trial. The government produced substantial evidence of guilt resulting in the jury finding Defendant guilty on all nineteen (19) counts. Under the facts of this case, Petitioner has failed to overcome the presumption of effective assistance provided by his attorney during plea negotiations. He is not entitled to relief under § 2255 on this claim of ineffective assistance of counsel.

### b. Representation during trial

Defendant also complains that his attorney failed to prepare adequately for trial and that he failed to object to the all-white jury. As discussed by the government in response to the § 2255 motion, Defendant's allegations concerning his attorney's failure to visit him during the six (6) months prior to trial are exaggerated since his attorney did not enter his appearance until January 13, 2005 (Dkt. # 36), or slightly more than three (3) months prior to commencement of trial on March 29, 2005 (Dkt. # 72). Defendant's allegations are conclusory and he fails to explain how more visits from his attorney would have changed the outcome of the trial. Similarly, Defendant alleges that his attorney's deficient performance is apparent based on the failure to cross-examine many of the prosecution's witnesses. However, Defendant has failed to explain how cross-examination of any of the witnesses would have changed the outcome of the trial. See United States v. Voigt, 877 F.2d 1465, 1468 (10th Cir. 1989).

Defendant, an African-American, also claims that counsel provided ineffective assistance of counsel in failing to object to an all-white jury. Defendant contends that trial counsel erred in failing to contest the make-up of the jury pool. The Sixth Amendment provides that a defendant has the right to a jury selected from a representative cross-section of the community. Taylor v.

Louisiana, 419 U.S. 522, 528 (1975). To establish a violation of the "fair cross-section" requirement, the defendant must show that: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in the pool of potential jurors is not fair and reasonable in relation to the number of such persons in the community; and (3) this under representation is due to systematic exclusion of the group in the jury-selection process. Duren v. Missouri, 439 U.S. 357, 364 (1979). Factors for determining whether a group is "distinctive" include whether (1) the group is defined by a limiting quality, such as race or sex; (2) the group has a "common thread" or basic similarity in attitude, idea, or experience; and (3) there exists a "community of interests among members of the group such that the group's interest cannot be adequately represented if the group is excluded from the jury selection process." United States v. Green, 435 F.3d 1265, 1271 (10th Cir. 2006) (citations omitted). Groups that have been considered distinct for jury selection purposes include Asians, Blacks, and Hispanics, see United States v. Shinault, 147 F.3d 1266, 1272 (10th Cir. 1998), and Native Americans, see United States v. Yazzie, 660 F.2d 422, 426 (10th Cir. 1981). If defendant can show that the excluded group is "distinctive," he must also show that the representation of this group in the jury pool is not "fair and reasonable in relation to the number of such persons in the community" and that this "under representation is due to systematic exclusion of the group in the jury-selection process." Duren, 439 U.S. at 364.

The jury pool in this District is divided into two parts: for Tulsa County only, one-half of the jury pool is comprised of licensed drivers and the other half is comprised of registered voters; the jury pool from the other counties in this District is made up of registered voters only. N.D. LCvR 47.1(e), as adopted in N.D. LCR 1.2. Defendant argues that his attorney was ineffective for failing to challenge the racial composition of his jury pool. However, Defendant makes only conclusory

allegations concerning the racial composition of the jury pool and fails to demonstrate that the representation of blacks was not "fair and reasonable in relation to the number of such persons in the community," or that the under representation of blacks was "due to a systematic exclusion." Duren, 439 U.S. at 364. Accordingly, trial counsel did not perform deficiently in failing to challenge the composition of the jury.

### 2. Ineffective assistance of counsel at hearing on motion for new trial

Defendant also complains that attorney Beverly Atteberry provided ineffective assistance of counsel during the hearing on his motion for a new trial because she failed to engage the services of a handwriting expert to examine the statement purported to have been executed by Defendant's co-defendant Kenneth Butler. The government has provided the affidavit of Defendant's attorney, Beverly Atteberry. See Dkt. # 170, attached affidavit. At trial, co-defendant Kenneth Butler testified that Defendant had been present at all of the robberies and attempted robberies identified in the indictment. Part of Defendant's motion for new trial was based in part on the post-trial affidavit purportedly executed by Kenneth Butler, stating that he had perjured himself during Defendant's trial in order to protect his younger brother, Michael Price. Upon receiving the post-trial affidavit, attorney Atteberry learned from Assistant United States Attorney Sewell that Butler would testify that he did not write or sign the affidavit and that it was a forgery. Id. at ¶ 4. She also compared the signature on the affidavit with the known signature of Butler. Id. at ¶ 3. Acknowledging that she is not a handwriting expert, she did not see any similarities in the signatures. Id. As a result, she states that she did not submit the statement to a handwriting expert for analysis because "it would be frivolous and a waste of judicial resources." Id. at ¶ 5.

The Court finds that counsel did not perform deficiently in failing to submit the statement to a handwriting expert. Furthermore, Kenneth Butler testified at the hearing on the motion for new trial that his trial testimony inculpating Defendant Watson was true and accurate. See Trans. Mot. New Trial at 43, 44. Therefore, Defendant cannot demonstrate that the result of the proceeding on the motion for new trial would have been different but for the allegedly deficient performance. Strickland, 466 U.S. at 694. Defendant is not entitled to relief on this claim of ineffective assistance of counsel.

### 3. Ineffective assistance of appellate counsel

Defendant alleges that because attorney Fatigante represented him both at trial and on direct appeal, Fatigante had a conflict of interest. Defendant's claim is based on his contention that Mr. Fatigante could not raise a claim of ineffective assistance of trial counsel since he was trial counsel. That argument lacks merit. In general, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995); see also Massaro v. United States, 538 U.S. 500, 504 (2003) (holding "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"). Thus, Defendant's claims of ineffective assistance of trial counsel are properly raised in this § 2255 proceeding. Attorney Fatigante did not work under a conflict of interest as Defendant's appellate counsel since the Tenth Circuit would have declined to consider any claim of ineffective assistance of trial counsel raised on direct appeal as "presumptively dismissable." United States v. Calderon, 428 F.3d 928, 931 (10th Cir. 2005).

Defendant also complains that appellate counsel provided ineffective assistance in failing to raise the claims identified in grounds 1, 2, and 3 of his amended § 2255 motion. In those grounds,

Defendant alleges that application of the Hobbs Act violates the Fifth and Sixth Amendments, his sentence violates the cruel and unusual punishment clause of the Eighth Amendment, and that preclusion of African-Americans and other minorities from the jury pool violates that Fifth and Sixth Amendments. However, because Defendant's claims are meritless, appellate counsel was not ineffective for failing to raise them on direct appeal. See United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel.") (quotation omitted). Defendant's claim that the Hobbs Act was not meant to be applied to "your 'common robbery,'" see Dkt. # 168, is foreclosed by Tenth Circuit precedent requiring the government to only show a potential or de minimis effect on interstate commerce to satisfy the interstate element of the Hobbs Act. See United States v. Curtis, 344 F.3d 1057, 1070 (10th Cir. 2003); United States v. Wiseman, 172 F.3d 1196, 1214 (10th Cir. 1999); United States v. Nguyen, 155 F.3d 1219, 1228 (10th Cir. 1998); United States v. Zeigler, 19 F.3d 486, 489 (10th Cir. 1994); United States v. Lotspeich, 796 F.2d 1268, 1270 (10th Cir. 1986); United States v. Boston, 718 F.2d 1511, 1516-17 (10th Cir. 1983). In this case, the government presented ample evidence demonstrating that Defendant robbed or attempted to rob several businesses, each of which obtained products from out of state, thus satisfying the de minimis effect on commerce required under the Hobbs Act. Defendant's claim challenging application of the Hobbs Act lacks merit. Appellate counsel did not provide ineffective assistance of counsel in failing to raise a claim devoid of merit.

Next, Defendant alleges that appellate counsel provided ineffective assistance in failing to challenge his sentence of 1,734 months as excessive in violation of the Eighth Amendment. In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual

under the Eighth Amendment. See United States v. Hughes, 901 F.2d 830, 832 (10th Cir. 1990) ("The eighth amendment requires that a sentence not be disproportionate to the severity of the crime or involve unnecessary infliction of pain. Within this limitation . . . [i]f a sentence imposed is within the statutory limits, the appellate court generally will not regard it as cruel and unusual punishment." (internal quotations omitted)). In this case, Defendant's sentences were within statutory limits. Moreover, 1,584 months of the total sentence of 1,734 months were attributable to the six § 924(c) counts of which Defendant was convicted. Defendant's challenge to the constitutionality of his sentence lacks merit. Appellate counsel did not provide ineffective assistance of counsel in failing to raise a claim devoid of merit.

Lastly, Defendant alleges that appellate counsel provided ineffective assistance in failing to challenge the racial composition of his jury pool. As discussed above, however, Defendant makes only conclusory allegations concerning the racial composition of his jury pool. He has failed to demonstrate that the jury pool lacked African-Americans or other minorities and has certainly not demonstrated that a systematic exclusion of minorities occurred. The jury selection plan used in this case has been adopted by the Northern District of Oklahoma and approved by the Tenth Circuit Judicial Council. See N.D. LCvR47.1(e). Defendant's challenge to the racial composition of his jury pool lacks merit. Appellate counsel did not provide ineffective assistance of counsel in failing to raise a claim devoid of merit.

### 4. Claims not raised on direct appeal are procedurally barred

Defendant's first, second, and third grounds of error were not raised on direct appeal. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 281, 291 (10th Cir. 1994). Because Defendant

failed to raise the identified claims on direct appeal, they are procedurally barred unless Defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed. Cook, 45 F.3d at 392. The procedural default rules developed in the context of habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n. 15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence or a change in the law. Id. Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default. Cook, 45 F.3d at 392. As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Defendant asserts that his attorney provided ineffective assistance of counsel in failing to raise the defaulted claims on direct appeal. See Dkt. # 168. The Court has determined above, however, that counsel did not provide ineffective assistance in failing to raise the claims on direct appeal. Therefore, Defendant has failed to demonstrate cause to excuse the procedural default of his claims.

Defendant has alleged that he is actually innocent of some of the crimes for which he was convicted. See Dkt. # 168. However, he presents no new evidence to support a claim of actual innocence. Schlup v. Delo, 513 U.S. 298, 327 (1995) ("To establish [actual innocence], the

petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case. The Court concludes that the identified claims that were not raised on direct appeal shall be denied as procedurally barred.

### *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his amended § 2255 motion. Therefore, relief under 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's original 28 U.S.C. § 2255 motion (Dkt. # 160) is **declared moot**.

2. Defendant's motion for appointment of counsel (Dkt. # 184) is **denied**.

3. Defendant's motions for evidentiary hearing (Dkt. #s 180 and 182) are **denied**.

4. Defendant's amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 168) is **denied**.

5. Defendant's motions to dismiss multiplicitous indictment (Dkt. # 178), for relief under the All Writs Act (Dkt. # 179), and to amend the § 2255 motion (Dkt. # 180) are **denied**.

6. Defendant's motions to expedite ruling (Dkt. #s 182 and 183) are **declared moot**.

7. A separate judgment shall be entered in this matter.

DATED THIS 15th day of November, 2010.

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**