# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 04-CR-182-TCK |
| JAMES LEE WATSON, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Return of Property ("Motion to Return Property") (Doc. 188), which is made pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)").[1] Rule 41(g) provides that a person "aggrieved . . . by the deprivation of property may move for the property's return." A request under Rule 41(g) represents a means by which a criminal defendant can determine his rights in property. *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1167 (10th Cir. 2006). A post-trial Rule 41(g) motion is treated as a civil complaint and construed as an equitable civil proceeding. *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001). Because a Rule 41(g) proceeding is treated as a civil proceeding independent of the criminal case, a court must satisfy itself of subject matter jurisdiction. *See United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (concluding that court did not have subject matter jurisdiction over Rule

---

[1] Since Defendant filed his Rule 41(g) motion, the Tenth Circuit granted a certificate of appealability of this Court's denial of Defendant's request for hearing on his § 2255 habeas petition. (*See* Doc. 213.) However, the Motion to Return Property is collateral to the issues presented on appeal, and the Court is not divested of jurisdiction based on such appeal. *See United States v. Reed*, 404 Fed. Appx. 464, 465 (11th Cir. 2010) (holding that appeal did not divest court of jurisdiction over motion for return of property because such motion was "separate and distinct" from issues presented on appeal).

41(g) motion filed by the defendant in his criminal case); *United States v. Downs*, 22 Fed. Appx. 961, 963 (10th Cir. 2001) (same).

When property is seized and held by local law enforcement officials, as opposed to federal law enforcement officials, a federal court ordinarily lacks subject matter jurisdiction over a motion to return such property. *See Copeman*, 458 F.3d at 1071. Nonetheless, "there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities." *Id*. (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)). "When property is seized by state officials, a movant can invoke Rule 41[g] [only] if: (1) federal authorities have actual possession of the property, (2) federal authorities have constructive possession of the property that was considered evidence in the federal prosecution, or (3) the state officials acted at the direction of federal authorities when the property was seized." *Downs*, 22 Fed. Appx. at 963. If a movant seeking the return of property in custody of state officials fails to show one of these three circumstances, a Rule 41(g) motion must be dismissed for lack of jurisdiction rather than denied. *See id.* (reversing district court's "denial" of the motion with instructions to "dismiss" the motion for lack of jurisdiction).

In this case, Defendant seeks the return of twelve items of personal property. As identified and valued by Defendant, these items are: (1) "pair of men[']s boots" - $100.00; (2) "tank top t-shirt"- $12.00; (3) "Footlocker t-shirt" - $20.00; (4) "du-rag or head wrap" - $10.00; (5) "men's blue coat" - $65.00; (6) "pair of men[']s boxer shorts" - $15.00; (7) "tongue ring" - $20.00; (8) "set of diamond earrings" - $3,000.00; (9) "cell phone" - $275.00; and (10) "pair of men[']s sweat pants" - $20.00. (Mot. to Return Property 2.) The United States does not object to returning six of the ten items - namely, the (1) boots; (2) do-rag; (3) t-shirt; (4) sweat pants; (5) coat; and (6) tongue ring

2

("uncontested items"). All uncontested items are referenced on a property receipt ("receipt") dated October 12, 2004, which was signed by Tulsa Police Department ("TPD") Officer Suzanne Jordan ("Jordan"). (*See* Ex. A to United States' Resp. to Mot. to Return Property.) All uncontested items were also listed on the Government's Exhibit List during trial. (*See* Doc. 74.)[2] Therefore, although the uncontested items were seized by local officials and remain in state custody, the items are in the "constructive possession" of the United States because they were "considered evidence in the federal prosecution." *See Downs*, 22 Fed. Appx. at 963.

With respect to the earrings, boxer shorts, and tank top ("contested items"), the United States argues that such items were never seized and are not in the TPD property room along with the uncontested items. The United States submitted the receipt but not an affidavit from Jordan. Defendant contends that the contested items were seized by Jordan, that Jordan had opportunity to steal or lose such items because the receipt is dated one day after his arrest, and that Jordan lacks credibility due to alleged discrepancies between the receipt and Jordan's trial testimony. The Court assumes, for purposes of this motion only, that the contested items were actually seized by Jordan at the time of Defendant's arrest on October 11, 2004 but then, as alleged by Defendant, "went missing."[3] Accepting Defendant's version of events as true, the property was seized by Jordan, a

---

[2] Three such items -- the do-rag, sweat pants, and coat -- were admitted into evidence at trial. (*See id.*)

[3] It is not clear whether Defendant's assertions -- rebutted solely by the receipt and not an affidavit from Jordan -- would be sufficient to warrant a Rule 41(g) evidentiary hearing. *See United States v. Rodriguez-Aguirre,* 414 F.3d 1177, 1184 (10th Cir. 2005) (discussing that district court conducted evidentiary hearing where government denied seizing 89 items sought by the defendants in a Rule 41(g) motion); *United States v. Dickman,* 85 Fed. Appx. 564, 565 (9th Cir. 2003) (defendant asserted that government seized diamond ring at time of his arrest) (holding that district court did not err in failing to hold Rule 41(g) evidentiary (continued...)

local official. Federal officials did not seize the contested items, take possession of the contested items, or consider the contested items evidence in Defendant's criminal prosecution. The contested items were not listed as exhibits and were not part of the federal trial in any way. Nor is there any evidence that Jordan, at the time she allegedly seized the contested items, was acting at the direction of federal officials. As evidence by her trial testimony, Jordan was called to the scene of the robbery while on routine patrol and not in conjunction with any federal operation. (*See* Trial Tr. 102-111.) Therefore, even assuming the contested items were indeed on Defendant's person at the time of his arrest and were seized by Jordan, Defendant has shown no basis for federal subject matter jurisdiction. The earrings, tank top, and boxer shorts are personal effects that Defendant contends were stolen or misplaced by a local official, and the Court lacks subject matter jurisdiction over such a dispute.

**IT IS HEREBY ORDERED that**:

1. Defendant's motion (Doc. 188) is GRANTED in part and DISMISSED for lack of jurisdiction in part. It is GRANTED as to the uncontested items, and it is DISMISSED for lack of jurisdiction with respect to the contested items.

---

3 (...continued)
hearing where (1) government submitted property receipt which did not include the ring; (2) government also submitted affidavit of arresting officer stating that ring was not seized; and (3) defendant submitted only his bare assertions that ring was seized); *United States v. Mejia*, No. 07-650, 2009 WL 1545845, at *2 (D.N.J. May 27, 2009) (denying Rule 41(g) motion without conducting evidentiary hearing where government submitted (1) agent's affidavit stating that government never seized certain property following search of a van, and (2) an investigative report detailing the results of the search warrant executed on the van, both of which indicated that property sought by the defendant was never actually seized). However, the Court has determined that it lacks jurisdiction to resolve any disputes over the contested items and therefore does not reach this question.

2. Defendant shall file a notice with the Court naming a designee to retrieve the uncontested items no later than August 31, 2011.

3. The United States shall make the uncontested items available to Defendant's designee.

4. If the items are retrieved, the United States shall prepare acknowledgment(s) of receipt to be executed by the designee receiving the property identified herein. The acknowledgment(s) of receipt shall be filed of record in this case. If the items are not retrieved by October 18, 2011, the United States shall file a notice so stating.

**DATED** this 28th day of July, 2011.

**TERENCE C. KERN**

**UNITED STATES DISTRICT JUDGE**