# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 04-CR-182-TCK |
| JAMES LEE WATSON, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are several pending motions filed by federal prisoner James Lee Watson.

## I.     Factual Background

On July 16, 2007, Defendant filed a 28 U.S.C. § 2255 motion (Doc. 160). On October 19, 2007, before any responsive pleading was filed, Defendant filed a motion to amend his § 2255 motion (Doc. 167), and an amended 28 U.S.C. § 2255 motion asserting four grounds for relief (Doc. 168). On October 22, 2007, the Court entered an Order declaring the motion to amend moot because leave of court was not required and ordering the United States to respond to the amended § 2255 motion. On November 15, 2010, the Court entered an Opinion and Order ruling on the merits of Defendant's amended § 2255 motion and declaring Defendant's original 28 U.S.C. § 2255 motion moot.[1]

On July 28, 2011, the Court ordered certain property returned to Defendant, although the United States later advised the Court that Defendant never appointed a designee to receive such items. On November 1, 2012, the Tenth Circuit denied Defendant's motion for authorization to file a successive 28 U.S.C. § 2255 motion. On September 8, 2014, the Tenth Circuit denied another

---

[1]    On August 9, 2011, the Tenth Circuit affirmed the Court's failure to hold an evidentiary hearing on the amended § 2255 motion.

motion for authorization to file a successive 28 U.S.C. § 2255 motion. In January 2015, Defendant sent a letter to this Court inquiring about an "amended § 2255 motion that [he] sent to this Court dated August 9, 2007 for filing" and stating that he was "never told of a ruling" on such motion. (Doc. 228 at 1.) The Court Clerk responded to Defendant, stating that there were no pending motions and that no motion was sent to the Court for docketing on August 9, 2007. Defendant then requested a docket sheet, which was sent to Defendant.

On February 27, 2015, Defendant filed the three motions currently pending: (1) Motion Pursuant to Federal Rule of Civil Procedure 60(B)(4), 60(B)(6), and 60(D)(1) for Relief from Final Judgment Order Denying Defendant's 28 U.S.C. § 2255 Motion (Doc. 231); (2) Petition to Amend Petitioner's § 2255 Petition Pursuant to Federal Rule of Civil Procedure 15(a) (Doc. 232); and (3) Petition for Discovery Pursuant to Rule 6(A) (Doc. 233). Defendant also filed a Verification of Previous Filing and Sworn Affidavit (Doc. 234). These filings all relate to Defendant's contention that he mailed an amended § 2255 motion on August 9, 2007 raising additional grounds for relief, which was never received by the Court. Defendant urges the Court to (1) vacate its original judgment denying his motion for post-conviction relief and re-open the proceedings based upon the procedural irregularity of the Court not receiving the August 9, 2007 amendment (*see* Doc. 231); (2) permit amendment to raise an additional ground of relief related to Defendant's mental competency (*see* Doc. 232); and (3) authorize discovery of medical records regarding Defendant's competency (*see* Doc. 233).

**II.     Analysis**

Assuming that failing to receive a prisoner's mailing could be deemed a procedural irregularity supporting re-opening federal habeas proceedings, the Court declines to re-open the

proceedings in this case for two reasons. First, the Court has doubts as to whether Defendant mailed any amendment in August 2007. As explained above, Defendant filed the original motion in July 2007 and then an amended version of the motion on October 19, 2007, along with a motion for leave to amend. The amended § 2255 motion raised four grounds for relief, none of which related to mental competency. Although Defendant contends that he mailed another amendment in between the July 2007 filing and the October 2007 filing, neither the motion for leave to amend nor the amended § 2255 mentioned this additional "motion" allegedly mailed in August 2007 related to competency. Second, and more importantly, the Court ordered the United States to respond only to the amended motion filed October 19, 2007. (*See* 10/22/07 Order, Doc. 169.) Defendant was therefore placed on notice in October 2007 that the Court did not receive any other amendments or § 2255 motions between the July and October filings, and that the United States would be responding only to the grounds for relief raised in the amended § 2255 motion. It is too late, at this juncture, to raise an alleged "procedural irregularity" that should have been clear to Defendant back in 2007.

Therefore, all pending motions (Docs. 231, 232, 233) are DENIED.

**SO ORDERED** this 1st day of April, 2015.

_____
**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**