IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 04-CR-182-TCK |
| JAMES LEE WATSON, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the court is the Plaintiff's Motion to Dismiss Defendant James Lee Watson's ("Watson") Successive §2255 Motion (Doc. 285).

### I. Background

Watson and two co-defendants committed a series of armed robberies and attempted armed robberies in Tulsa, Oklahoma during an eleven-day period in October 2004. An indictment charged Watson, among other things, with a section § 371 conspiracy, four armed robberies and two attempted armed robberies in violation of 18 U.S.C. § 1951 (the Hobbs Act), and six counts of using or brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 15). Each of the six § 924(c) charges related to one of the robberies or attempted robberies – not to the § 371 conspiracy. *Id*. At the time of Watson's offenses, § 924(c) prohibited using or carrying a firearm during or in relation to a crime of violence. The statute defines "crime of violence" as a federal offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Hobbs Act defines robbery, in pertinent part, as:

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added).

A jury found Watson guilty of all counts of the indictment. (Doc. 76). In a special verdict form, it found that Watson brandished a firearm during and in relation to each of the Hobbs Act robberies and attempted Hobbs Act robberies. (Doc. 76). At the time of his convictions, Watson's first § 924(c) conviction for brandishing carried a minimum 7-year sentence, and each subsequent § 924(c) conviction carried a minimum 25-year sentence. 18 U.S.C. § 924(c)(1)(C)(i).

This Court sentenced Watson to a total of 1,734 months imprisonment. (Doc. 107 at 3). That sentence included a consecutive 84-month term as to Count Three, and five consecutive 300-month terms on each of the remaining § 924(c) convictions. *Id.* The Tenth Circuit affirmed Watson's convictions. *United States v. Watson*, 207 F. App'x 913 (10th Cir. 2006) (unpublished).

After his conviction, Watson filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. (Docs. 160, 168, 178, 180, 182, 183). The Tenth Circuit affirmed this Court's denial of Watson's § 2255 motion. *United States v. Watson*, 432 F. App'x 778 (10th Cir. 2011) (unpublished).

In addition to ruling on Watson's direct and § 2255 appeals, the Tenth Circuit has dismissed or denied his other post-conviction appeals: *United States v. Watson*, No. 07-5002; *In re James Lee Watson*, No. 07-5043; *United States v. Watson*, No. 07-5084; *In re: James L. Watson*, No. 12-5142; *In re: James Lee Watson*, No. 14-5098; and *United States v. Watson*, 613 F.App'x 711 (10th Cir. 2015) (unpublished).

In 2016, Watson sought authorization from the Tenth Circuit to file a second or successive § 2255 motion challenging his § 924(c) conviction in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). He later supplemented his application based on the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). He argued that his § 924(c) convictions should be vacated because the underlying Hobbs Act robberies could only be construed as a crime of violence under § 924(c)(3)'s residual clause, which *Davis* had invalidated as unconstitutionally vague. The Tenth Circuit authorized Watson to file a successive § 2255 motion challenging his § 924(c) convictions under *Davis*, but did not consider the merits of his motion. (*In re: James Lee Watson*, No. 16-5062, Order filed June 9, 2020; See Doc. 277).

Pursuant to the Tenth Circuit's authorization, this Court filed Watson's authorized successive § 2255 motion, which sought the dismissal of each of his six § 924(c) convictions. (Doc. 278). In that motion, Watson argued that Hobbs Act robbery no longer qualified as a crime of violence after *Johnson*, and that his six § 924 (c) convictions should be dismissed. *Id*. In supplements to his motion, Watson argued that his § 924(c) convictions should be vacated in light of *Davis,* because they were based on conspiracy to commit Hobbs Act robbery, which no longer qualifies as crime of violence. (See Doc. 280 at 4, 5; Doc. 281 at 2, 4, 10, 11, 13, Doc. 282 at 5).

### II. Analysis

Watson cannot surmount the second procedural hurdle for his successive § 2255 motion. To the extent that he argues that his § 924(c) convictions must be vacated because they are based on his conviction for conspiracy, he is simply mistaken: the indictment shows that each of his six § 924(c) convictions arose out of a corresponding substantive Hobbs Act robbery or attempted Hobbs Act robbery charge. Thus, the fact that Hobbs Act conspiracy no longer qualifies as a crime of violence under § 924(c)(3) is irrelevant to his motion.

Further, Tenth Circuit precedent forecloses Watson's motion by holding that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A). See *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); see also *United States v. Myers*, 786 F.App'x 161 (10th Cir. 2019) (unpublished) (citing *Melgar-Cabrera*). Watson's successive § 2255 motion merely preserves his claim in the event the Tenth Circuit or the Supreme Court reverse or overrule *Melgar-Cabrera*. *Id*.

Hobbs Act robbery contains an element requiring the use, attempted use, or threatened use of force. Therefore, he cannot meet his burden to show that, even at the time of his conviction, he was convicted based upon the residual clause in § 924(c)(3)(B), rather than the elements clause of § 924(c)(3)(A). As a result, he cannot establish that *Davis* had any effect on the validity of his convictions, and he cannot satisfy § 2255(h)(2) by showing that his motion rests on a new rule of constitutional law. See *United States v. Rushing*, No. 05-CR-108-TCK, 2020 WL 2517233 at *3 (N.D.Okla. May 15, 2020) (unpublished).

Accordingly, Plaintiff's Motion to Dismiss Defendant Watson's Successive §2255 Motion (Doc. 285) is granted.  Watson's second or successive § 2255 motion (Doc. 278) is dismissed.

**IT IS SO ORDERED this 20th day of October 2020.**

**TERENCE KERN**
**United States District Judge**