IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04-CR-182-TCK |
| JAMES LEE WATSON, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Before the Court is the Defendant James Lee Watson's ("Watson's") Motion for Relief from Judgment (Doc. 292). Watson previously filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 268). The Government filed a Response in Opposition (Doc.270), and this Court issued an Order on April 16, 2020 (Doc. 271), stating Watson had not met the exhaustion requirements under the First Step Act's amendments to § 3582(c)(1)(a).

Watson sought a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018, and a combination of factors which he believed warranted relief. The Government urged the Court to deny Watson's § 3582(c)(1)(A) motion based on the contention that Watson was not eligible for compassionate release. *Id.* Specifically, the Government argued that the First Step Act did not change the requirements for granting compassionate release, and Watson's claims did not constitute "extraordinary and compelling reasons" warranting relief. (Doc. 270). Watson claimed the Government was wrong as a matter of law as to his eligibility for relief under 18 U.S.C. § 3582(c)(1)(A). Further, Watson maintained that he was not a danger to the community and that the 18 U.S.C. § 3553(a) factors supported a reduction in sentence.

## I. Background

James Lee Watson ("Watson") and two co-defendants committed a series of armed robberies and attempted armed robberies in Tulsa, Oklahoma, during an eleven-day period in October 2004. Watson was charged in a 19-count indictment with (1) conspiracy, (2) four armed robberies and two attempted armed robberies in violation of the Hobbs Act, (3) six counts of using a firearm during a crime of violence, and (4) six counts of possessing a firearm and ammunition after a felony conviction. (Doc. 15). On March 29, 2005, a jury convicted Watson of all charges. (Doc. 107). The Tenth Circuit affirmed Watson's conviction. *United States v. Watson*, 207 F. App'x 913 (10th Cir. 2006) (unpublished).

## II. Procedural Background

After his conviction, Watson filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. (Doc. 168). The Tenth Circuit affirmed the district court's denial of Watson's § 2255 motion. *United States v. Watson*, 432 F. App'x 778 (10th Cir. 2011) (unpublished).

In addition to ruling on Watson's direct appeal and § 2255 motion, the Tenth Circuit has dismissed or denied his other post-conviction appeals: *United States v. Watson*, No. 07-5002; *In re James Lee Watson*, No. 07-5043; *United States v. Watson*, No. 07-5084; *In re: James L. Watson*, No. 12-5142; *In re: James Lee Watson*, No. 14-5098; and *United States v. Watson*, 613 F.App'x 711 (10th Cir. 2015) (unpublished).

In 2019, Watson requested compassionate release/reduction in sentence ("RIS") from the Warden at his Federal Correctional Complex based on his having several medical problems, primarily sickle cell disease. (Doc. 268 at 14). The Warden responded that the prison would not pursue a request for compassionate release on Watson's behalf. (Id. at 16; See Exhibit 1). The

Warden explained that to receive compassionate release based on a medical condition, an inmate must be "experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility." (Id.). The Warden further explained that a reduction in sentence could also be considered if an inmate is either "completely disabled, meaning he cannot take care of himself and is completely confined to a bed or chair;" or "he is capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." (Id.). After reviewing Watson's comprehensive medical summary, the Warden found that Watson's condition "was not at a point where he had cognitive or physical limitations that substantially diminished his ability to function in a correctional facility," and denied Watson's motion. (Id.) Watson did not appeal from his RIS denial. This Court found Watson had failed to meet the First Step Act's precondition for a defendant to file a motion for compassionate release under § 3582(c)(1)(A). (Doc. 217).

Although Watson has sought unsuccessfully to obtain relief from this sentence, in December 2018, Congress passed the First Step Act, which eliminated the practice of enhancing § 924(c) counts in a first case and empowered defendants to seek compassionate release from the courts. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5221–22. Therefore, since Watson's sentencing in 2000, and since his last Motion for Compassionate Release, significant reforms have been made within the criminal justice system to avoid excessively long prison sentences. Although many changes have not been deemed retroactively applicable, numerous district courts have found that the massive sentencing disparities caused by recent legislation, as well as a combination of other factors, may warrant a reduction in sentence through 18 U.S.C. § 3582(c)(1)(A).

### III. Applicable Law

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [1]

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with

---

[1] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*; See also, *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

### A. Exhaustion Requirement

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, two Courts of Appeals have recently weighed in on the subject. In *United States v. Raia*, the Third Circuit concluded that failure to comply with the statute's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

More recently, the Sixth Circuit found that a prisoner's failure to exhaust his administrative remedies did not deprive the court of subject matter jurisdiction; however, the court concluded that the exhaustion requirement "looks like a claim-processing rule, and in operation it acts like one." *United States v. Alam*, 960 Fd.3d 831, 833 (6th Cir. 2020). In so holding, the court noted:

> Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition. If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must "fully exhaust [] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison.

18 U.S.C. § 3582(c)(1)(A). *Id.*

As noted by the Government, "Watson [ ] failed to meet the First Step Act's precondition to file a motion for compassionate release under § 3582 (c)(1)(A); exhausting his administrative appeals." (Doc. 270 at 6). The Court agreed and found Watson had not met the exhaustion requirements of § 3582(c)(1)(A). Therefore, Watson's previously filed Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 268), was dismissed without

5

prejudice. However, the Court finds Watson may refile a Motion for Compassionate Release after exhaustion of his administrative rights before the warden of his facility. Further, this Court notes it has required commendable attempts at rehabilitation and exemplary conduct when it has entertained reducing sentences pursuant to Motions for Compassionate Release.

Therefore, the instant Motion (Doc. 292), is denied, and Watson is granted permission to refile a Motion for Compassionate Release after exhaustion of his administrative remedies.

**IT IS SO ORDERED this 15th day of June, 2021.**

*[Signature]*
TERENCE C. KERN
United States District Judge